IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCHOOL DISTRICT OF PHILADELPHIA | : : : | CIVIL ACTION NO. 14-4910 |
| v. | : : | |
| ROBERT KIRSCH and KAREN MISHER, Parents of A.K., a minor | : | |

| | | |
|---|---|---|
| SCHOOL DISTRICT OF PHILADELPHIA | : : : | CIVIL ACTION NO. 14-4911 |
| v. | : : | |
| ROBERT KIRSCH and KAREN MISHER, Parents of N.K., a minor | : | |

## ORDER

AND NOW, this 30th day of November, 2015, upon consideration of motions by the School District of Philadelphia for judgment on the administrative record and on the counterclaims of parents Robert Kirsh and Karen Misher[1] and parents' response[2]; parents' cross-motions for judgment on the administrative record[3] and the District's response[4]; motions by the District to dismiss parents' counterclaims or, in the alternative, for summary judgment,[5] and parents' response;[6] and parents' motion for leave to amend their counterclaims[7] and the District's response[8] and consistent with the accompanying memorandum of law, it is ORDERED that:

---

[1] Filed as Dkt. No. 21 in Civ. A. 14-4910 and Dkt. No. 20 in Civ. A. 14-4911.
[2] Filed as Dkt. No. 26 in Civ. A. 14-4910.
[3] Filed as Dkt. No. 22 in Civ. A. 14-4910 and Dkt. No. 18 in Civ. A. 14-4911.
[4] Filed as Dkt. No. 25 in Civ. A. 14-4910.
[5] Filed as Dkt. No. 20 in Civ. A. 14-4910 and Dkt. No. 19 in Civ. A. 14-4911.
[6] Filed as Dkt. No. 24 in Civ. A. 14-4910.
[7] Filed as Dkt. No. 27 in Civ. A. 14-4910.
[8] Filed as Dkt. No. 28 in Civ. A. 14-4910.

1)  the cross motions for judgment on the administrative record are GRANTED IN PART and DENIED IN PART as follows:

   a) The District's motion is GRANTED insofar as the District seeks to affirm the Hearing Officer's decisions that it offered A.K. and N.K. a FAPE in December 2013.  The District's motion is DENIED insofar as the District seeks to reverse the Hearing Officer's decisions that the District was obligated to reimburse parents for the basic costs of tuition and transportation at the private school for A.K. and N.K. from September 2013 through December 2013;

   b) Parents' motion is GRANTED insofar as parents seek to affirm the Hearing Officer's decisions that the District denied A.K. and N.K. a FAPE from the start of the 2013-14 school year through December 2013 and insofar as they seek to affirm the Hearing Officer's decisions that A Step Up Academy was an appropriate private placement for A.K. and N.K.  Parents' motion is DENIED insofar as they seek to reverse the Hearing Officer's decisions that the District offered A.K. and N.K. a FAPE in December 2013; and

   c) The Hearing Officer's decisions are AFFIRMED.

2) The District's motion to dismiss parent's counterclaims or, in the alternative, for summary judgment is GRANTED IN PART and DENIED IN PART as follows:

   a) The District's motion is DENIED to the extent that the District seeks dismissal of parents' counterclaims for lack of subject-matter jurisdiction;

   b) The District's motion is GRANTED to the extent that the District seeks

       judgment in its favor with respect to parents' claim that the District denied A.K. and N.K. a FAPE with its offered 2014-15 IEPs; and

    c)    The District's motion is GRANTED to the extent that the District seeks judgment in its favor with respect to parents' counterclaims under the ADA and Section 504 of the Rehabilitation Act.

3)    Parents' motion for leave to amend their counterclaims is DENIED.

It is FURTHER ORDERED that

1)    The District is obligated to reimburse parents for the basic costs of basic costs of A.K. and N.K.'s tuition and transportation at A Step Up Academy from September 2013 to December 2013; and

2)    Pursuant to 20 U.S.C. § 415(j) -- IDEA's stay put provision -- the District is also obligated to reimburse parents for the basic costs of A.K. and N.K.'s tuition and transportation at A Step Up Academy from December 2013 through the exhaustion of all appeals from the decisions of the Hearing Officer.

Counsel for the parties shall, within thirty days from the date of this Order, confer and reach a stipulation with respect to:

1)    A proposed form of judgment consistent with this Order and the accompanying memorandum of law; and

2)    The amounts due under this Order.

If a stipulation cannot be reached, counsel may request a hearing. Any petition for counsel fees shall be submitted after entry of a final order entering judgment.

                                                             *s/Thomas N. O'Neill, Jr.*
                                                          THOMAS N. O'NEILL, JR., J.