IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCHOOL DISTRICT OF PHILADELPHIA | : : : | CIVIL ACTION NO. 14-4910 |
| v. | : : | |
| ROBERT KIRSCH and KAREN MISHER, Parents of A.K., a minor | : : | |
| SCHOOL DISTRICT OF PHILADELPHIA | : : : | CIVIL ACTION NO. 14-4911 |
| v. | : : | |
| ROBERT KIRSCH and KAREN MISHER, Parents of N.K., a minor | : : | |

O'NEILL, J.                                                                 June 1, 2016

## MEMORANDUM

This litigation involves consolidated civil actions under the Individuals with Disabilities in Education Act, 20 U.S.C. §§ 1400, et seq. brought by plaintiff, the School District of Philadelphia and removed to this Court by defendants Robert Kirsch and Karen Misher, parents of twin siblings A.K. and N.K.  Civ. A. 14-4910 and Civ. A. 14-4911.[1]  I previously determined that the District "is obligated to reimburse parents for the basic costs of A.K. and N.K.'s tuition and transportation at A Step Up Academy from September 2013 to December 2013;" and that "[p]ursuant to 20 U.S.C. § 415(j) – IDEA's stay put provision – the District is also obligated to reimburse parents for the basic costs of A.K. and N.K.'s tuition and transportation at A Step Up Academy from December 2013 through the exhaustion of all appeals from the decisions of the Hearing Officer."  Dkt. No. 30.

---

[1] Because of parallels between the documents filed in Civ. A. 14-4910 and Civ. A. 14-4911 and the allegations, facts and arguments therein, citations to docket entries in this Opinion will be to documents docketed in Civ. A. No. 14-4910 unless otherwise noted.

I directed the parties to confer and reach a stipulation with respect to the amounts due to defendants, but they were unable to do so.  Thereafter, I referred the parties' motions with respect to the form and amount of a judgment to be entered, Dkt. No. 32, Dkt. No. 33, to Magistrate Judge Carol Sandra Moore Wells for a report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B).  Dkt. No. 34.  Now before me are Judge Wells' report and recommendation, Dkt. No. 42, plaintiff's objections to the reimbursement award she recommends,[2] Dkt. No. 43, and defendants' response to plaintiff's objections.  Dkt. No. 45.  In assessing plaintiff's objections, I must evaluate de novo those portions of the report and recommendation to which objection has been made.  28 U.S.C. § 636(b)(1)(C).  I may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.; see also Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).  For the reasons that follow, I will overrule plaintiff's objections and adopt Judge Wells' report and recommendation.

"[O]nce a court holds that the public placement violated IDEA, it is authorized to 'grant such relief as the court determines is appropriate.'"  Florence Cnty. Sch. Dist. Four v. Carter By & Through Carter, 510 U.S. 7, 15-16 (1993) quoting 20 U.S.C. § 1415(e)(2).  "[E]quitable considerations are relevant in fashioning relief, . . . and the court enjoys 'broad discretion' in so doing."  Id. (citations and internal quotations omitted).  "The ultimate reimbursement award is subject to the court's equitable discretion and must be reasonable, considering all relevant factors.  Dkt. No. 42 at ECF p. 4, citing Bucks Cnty. Dep't of Mental Health/Mental Retardation v. Pennsylvania, 379 F.3d 61, 69 (3d Cir. 2004) (further citations omitted).

---

[2]  Plaintiff's objections are not accompanied by a memorandum of law in support thereof.

I. **Extended School Year**

Relevant here, Judge Wells recommends that "it is equitable that Plaintiff reimburse Defendants in full for the basic tuition for A.K. And N.K. for . . . tuition paid for [Extended School Year] 2014, ESY 2015, [and] ESY 2016 . . . ." Dkt. No. 42 at ECF p. 4.  Plaintiff objects that Judge Wells erred "in concluding that tuition for Extended School Year Programs in 2014, 2015 and 2016 in the total amount of $46,400, is basic tuition, which must be reimbursed by the School District to defendants . . . ." Dkt. No. 43 at ECF p. 2.  Plaintiff asks the Court "to receive additional evidence, pursuant to 28 U.S.C. § 636(b)(1), that Extended School Year program services are not basic services, but are supplemental services." Id.

Defendants respond that "the recommended award of reimbursement for Extended School Year (ESY) services as part of 'base tuition' under the Court's Opinion and Order is supported by the District's IEPs for both boys, which included ESY." Dkt. No. 45 at ECF p. 4.  They also argue that "the administrative record, as supplemented, shows plainly that the two students have always received Extended School Year Services as part of their Individualized Education Programs and that all parties agree that Extended School Year is a necessary service[ ] for them." Dkt. No. 45 at ECF p. 6.

Plaintiff has had an opportunity to present evidence in support of its contention that Extended School Year Services are supplemental services not covered by this Court's decision.  But there is no evidence of record to counter defendants' contention that the recommended award of reimbursement for Extended School Year services "is supported by the District's [proposed] IEPs for both boys, which included ESY" services "for the summer of 2014 for 20 hours/week over 8 weeks in July and August." Dkt. No. 45 at ECF p. 4.  I find that plaintiff has not met its burden to show that Judge Wells abused her discretion in determining to award

reimbursement for tuition paid for ESY services. I will overrule defendants' objections to the report and recommendation with respect to the award of tuition for Extended School Year services and will adopt Judge Wells' recommendation that defendants be reimbursed for tuition expended for extended school year programs in 2014, 2015 and 2016.

## II.     Reimbursement to Grandparents

Judge Wells also concludes that "[a]lthough plaintiff maintains that it should not be liable for the sums A.K.'s and N.K.'s grandparents advanced to cover the twins' tuition during the 2014-15 and 2015-16 school years, . . . this would unfairly force family members to assume Plaintiff's obligation." Dkt. No. 42 at ECF p. 4-5. She recommends that plaintiff's reimbursement to defendants include the $110,000.00 of basic tuition advanced by A.K. and N.K.'s grandparents.[3] Id. Plaintiff objects that Judge Wells erred "in recommending that the School District reimburse defendants for tuition paid to the private school by the students' grandparents in the amount of $110,000" and asks the Court to "receive additional evidence . . . that the payments by the grandparents of tuition to the private school were gifts by the grandparents." Dkt. No. 43 at ECF p. 2.

Defendants contend that they "are entitled to recover reimbursement for costs paid by the children's grandfather, as well as costs that they paid themselves," citing Judge Wells' reasoning that "to disallow such reimbursement 'would unfairly force family members to assume Plaintiff's obligation.'" Dkt. No. 45 at ECF p. 2, quoting Dkt. No. 42. I agree. As the Court explained in

---

[3] Judge Wells also recommends that "to ensure fairness, in its equitable discretion, the court should order that Defendants repay the grandparents, from Plaintiff's reimbursement to Defendants, the $110,000.00 of basic tuition the grandparents advanced on behalf of A.K. And N.K." Dkt. No. 42 at ECF p. 5. Plaintiff objects that Judge Wells erred "in recommending that the defendants reimburse the grandparents, who are not parties to these civil actions, in the amount of $110,000, which tuition the grandparents paid to the private school as a gift for the students." Dkt. No. 43 at ECF p. 2. Defendants do not object to this aspect of the report and recommendation and I find no reason to disturb Judge Wells' equitable determination.

M.M. v. New York City Dep't of Educ., 26 F. Supp. 3d 249, 259 (S.D.N.Y. 2014), "finding that the Parents are unable to seek reimbursement because they themselves did not front the costs of [their child's] education would lead to an inequitable result. Courts have consistently held that a child's access to a FAPE cannot be made to depend on his or her family's financial ability to 'front' the costs of private tuition." Accordingly, the Court in M.M. found that the hearing officer erred in concluding "the Parents were not entitled to reimbursement because the grandmother, not the Parents, paid for [the child's] tuition." Id. The Court "order[ed] the [Department of Education] to provide reimbursement to the Parents, with the provision that they first use any money they receive in reimbursement to repay their loan to the grandmother." Id. at 259-60.

  I will overrule plaintiff's objection to the report and recommendation with respect to the amounts of tuition paid by A.K. and N.K.'s grandparents and will adopt Judge Wells' recommendation that the amount paid by the grandparents be included in the equitable reimbursement amount due.

  An appropriate Order follows.